MICHAEL BANNON, ANDREW JAMISON, BENJAMIN FAW-
CETT, Assignee of certain judgments against THOS.
FAWCETT, deceased vs. SARAH E. LLOYD, THOMAS
FAWCETT, and others.

ANDREW JAMISON, and MICHAEL BANNON, Assignees
of Simms' judgment vs. SARAH E. LLOYD, THOMAS
FAWCETT, and others.

*Statute of Limitations—Non-residents.*

The real estate of a deceased person was sold for the payment of his
debts.   The plea of Limitations was successfully interposed by
some of the heirs against the first of the claims presented in order
of priority, and the same plea was also successfully interposed by
some of the heirs against the next claim in order of priority.   Those
not availing themselves of the plea as against the first of said
claims, were not the same who failed to plead it against the other
claim. ' HELD:

1st. That as the plea of the Statute only enured to the benefit of those
who pleaded it, each of said claims respectively was entitled to the
distributive shares of those of the heirs who had not pleaded the
Statute against it.

2nd. That the next claim in order of priority, and which was not
barred by the Statute, was payable out of the distributive shares
of the other heirs.

There is nothing in the language of the Statute of Limitations which
denies the privilege of pleading it to persons living in other States.

APPEALS from the Circuit Court for Montgomery County,
in Equity.

The case is stated in the opinion of the Court.

The causes were argued for the appellants before MIL-
LER, YELLOTT, ROBINSON, RITCHIE, and BRYAN, J., and sub-
mitted on brief for the appellees.

Bannon, *et al. vs.* Lloyd, *et al.* Jamison and Bannon *vs.* Same.

*Michael Bannon,* for the appellants.

*Thomas Anderson,* and *W. Veirs Bouic, Jr.,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The real estate of Thomas Fawcett was sold for the payment of debts, and this controversy arises upon the distribution of the proceeds of sale among his children and his creditors.

He died leaving nine children : one of these, Abraham, subsequently died, leaving *five children,* and a daughter Hannah Green, who also died, leaving *six children.*

The amount to be distributed is $4,235.11, and but for the claims of creditors, each of the surviving children would get the one-ninth, and each of the children of Abraham, the *one-fifth* of *one-ninth,* and each of the children of Hannah Green the *one-sixth* of *one-ninth.* Quite a number of claims have been filed, to all of which the Statute of Limitations has been pleaded by one or more of the heirs.

The only claims, however, necessary to be considered, are :

1st. The Brewer decree, and

2nd. The Simms' judgment.

The Brewer decree was obtained August 30th, 1867, and filed December 28th, 1882. To this decree *five* of the surviving children of the intestate, *all the children* of the deceased son Abraham, and *two* of the children of the deceased daughter Hannah Green plead the Statute of Limitations. As the plea of the Statute, however, enures only to the benefit of those who plead it, this decree being the oldest lien is entitled to the shares of Albert C. and Benjamin Fawcett, *two* of the children, and also to the shares of Martha J. Waring, Manoah Green, Lydia Green, and Helen Green, children of Hannah, who do not plead the

Statute. As to the rest of the children and grandchildren, the decree is barred by the Statute.

The Simms' judgment was rendered the 12th of November, 1860, and filed February 4th, 1875. To this judgment all the heirs, except the five children of Abraham, and two of the children of Hannah Green plead the Statute. It being the next oldest lien, it is entitled to the shares of the five children of Abraham Fawcett and Fletcher Green and Eliza Green, who do not plead the Statute.

The Towner judgment not being barred by limitations, must be paid in full. All the other claims being barred, the balance of the fund must be distributed among the *five* surviving children of Thomas Fawcett, the shares of whom have not been applied to the payment of the above claims, namely, Sarah E. Lloyd, Thomas Fawcett, Martha Fawcett, Ann M. Shaw, and Mary E. Gray.

Of the fund distributed in accordance with these views, the Brewer decree gets the two-ninths of the two surviving children who do not plead the Statute, and also the four fifty-fourths of the four grandchildren, children of Hannah Green, making altogether $1,254.84$\frac{40}{54}$.

The Simms' judgment gets the shares of the five children of the deceased son Abraham, being five forty-fifths or one-ninth, and also the shares of the two children of Hannah Green, who do not plead the statute, making altogether $627.42$\frac{20}{54}$, to be applied to this judgment.

The Towner judgment, not being barred, must be paid in full.

So the account would stand as follows:

Amount to be distributed.................. $4,235 11

Applicable to the Brewer decree ....................... $1,254 84$\frac{40}{54}$

To the Simms' judgment....... 627 42$\frac{20}{54}$

To the Towner judgment....... 1,356 94

                     3,239 21$\frac{1}{9}$

              $ 995 89$\frac{8}{9}$

Bannon, *et al. vs.* Lloyd, *et al.*   Jamison and Bannon *vs.* Same.

Balance to be distributed equally to the five children, Sarah E. Lloyd, Thomas Fawcett, Martha Fawcett, Ann M. Shaw, and Mary E. Gray.

It was argued that the Brewer decree was filed April 10th, 1880, and was not therefore barred by limitations. This is a mistake.   It was not filed as a claim until December 28th, 1882.

In their brief, the appellants seem to think that some of the children are not entitled to plead limitations, because they are non-resident.   There is nothing in the language of our Statute, which denies this privilege to persons living in other States.   It may be proper to add in conclusion that, the first account stated by the auditor, pages 26, 27, and 28 of the record, distributes the fund according to the views expressed in this opinion.

It follows from what we have said that the order of the 23d of January, 1885, overruling exceptions to the auditor's accounts of the 8th of December, 1884, and ratifying the same, must be reversed and the cause remanded in order that the fund may be distributed by the auditor in accordance with these views.

> *Order reversed, and*
> *cause remanded.*

(Decided 24th June, 1885.)